**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT NEW YORK**
------------------------------------------------------------------------------X
JASPREET SINGH and JATINDER KAUR,

                                           **COMPLAINT**

                Plaintiffs,

    -against-

THE CITY OF NEW YORK,  POLICE OFFICER
ANNIE COSGRAVE, POLICE OFFICER DENNIS COBIC,
SERGEANT NAMJOU KIM,                         Case No.:
SERGEANT ONICKER S. BROWN and
JOHN/JANE DOES 1-10 (police officers as yet unidentified).

                Defendants.
------------------------------------------------------------------------------X

       Plaintiffs, by their attorneys, Aidala, Bertuna & Kamins, P.C., as and for their Complaint, allege upon knowledge as to themselves and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.      This action arises from a baseless, humiliating, and traumatic arrest carried out by members of the New York City Police Department on October 23, 2024, in full view of the public, without probable cause, legal justification, or basic human decency.

2.      Plaintiffs were stopped, detained, handcuffed, arrested, and jailed not because they committed a crime, but because Defendants failed to conduct even the most rudimentary investigation before exercising the most extreme power the State can wield against its citizens.

3.      What followed was a cascade of constitutional violations: false arrest, unlawful imprisonment, excessive force, malicious prosecution, disability discrimination, and municipal indifference, leaving lasting physical, emotional, professional, and psychological damages.

4.      Unfortunately for Plaintiffs, this case reflects reckless indifference to the truth, to the law, and to the dignity of the people Defendants are sworn to protect.

1

## PARTIES

5.      Plaintiff JASPREET SINGH is a resident of Queens County, New York.

6.      Plaintiff JATINDER KAUR is a resident of Queens County, New York, a 62-year-old woman who, at all relevant times, suffered from serious medical conditions including hypertension, chronic shoulder pain, and severe hearing impairment.

7.      Defendant THE CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York and responsible for the policies, practices, training, supervision, and conduct of the New York City Police Department ("NYPD").

8.      Defendants POLICE OFFICER ANNIE COSGRAVE, POLICE OFFICER DENNIS COBIC, SERGEANT NAMJOU KIM, and SERGEANT ONICKER S. BROWN are police officers and supervisors employed by the NYPD, acting under color of state law at all relevant times.

9.      Defendants JOHN/JANE DOES 1–10 are NYPD officers and/or supervisors whose identities are presently unknown, who participated in, directed, approved, or failed to intervene in the unconstitutional conduct complained of herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794.

11.     This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to the federal claims asserted herein that they form part of the same case or controversy.

12.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

13.    On October 23, 2024, at approximately 5:00 p.m., Plaintiff Jaspreet Singh was lawfully driving a vehicle registered to his sister, Mandeep Kaur, an NYPD officer on active military duty.

14.    Plaintiff Jatinder Kaur, his mother, was a passenger in the vehicle, en route to a scheduled medical appointment at 92-29 Queens Boulevard, Rego Park, New York.

15.    Without probable cause or reasonable suspicion, Defendants Cosgrave and Cobic initiated a traffic stop near the medical facility.

16.    Plaintiffs fully cooperated. Jaspreet Singh produced valid registration and insurance documentation.

17.    Jatinder Kaur exited the vehicle and entered the medical facility, informing staff she would need to reschedule due to police activity outside.

18.    Upon her return, Defendants accused Plaintiffs of driving a stolen vehicle: an accusation wholly unsupported by fact.

19.    Defendants ran the vehicle's VIN, expressed confusion, and contacted a supervisor.

20.    Defendant Sergeant Namjou Kim arrived and, without further investigation, handcuffed Jaspreet Singh against his will.

21.    Despite Jaspreet Singh's pleas to allow his elderly, medically vulnerable mother to leave via Uber, Sergeant Kim refused and instead handcuffed Jatinder Kaur.

3

22.     The handcuffs were applied tightly, exacerbating her shoulder injury and causing visible pain and distress.

23.     Sergeant Kim forced Jatinder Kaur to walk approximately 100 feet away from the vehicle and back, a public, humiliating display akin to a "walk of shame," conducted for no legitimate law enforcement purpose.

24.     Defendants ignored repeated statements that Jatinder Kaur was hard of hearing and required reasonable accommodations.

25.     Plaintiffs were transported together to the 112th Precinct and confined in jail cells for over four hours.

26.     During detention, Defendants failed to assess Jatinder Kaur's medical needs, denied her access to necessary medication, and failed to provide interpretive or communicative assistance.

27.     Jatinder Kaur suffered a panic attack in custody. Defendant Cosgrave responded by telling her that she was "too loud," ordering her to be quiet.

28.     Only after family members provided documentation confirming lawful ownership of the vehicle were Plaintiffs released.

29.     The arrest was voided, and all charges were dropped.

30.     By then, however, the damage had been done.

31.     Jatinder Kaur suffered physical injury, severe emotional distress, humiliation, missed medical treatment, worsening chronic pain, anxiety, nightmares, and loss of income.

32.     Jaspreet Singh suffered reputational harm, emotional trauma, anxiety while driving, and professional damage, including the stigma of an arrest record affecting future employment prospects.

33. Plaintiffs continue to suffer ongoing psychological and emotional injuries as a direct result of Defendants' conduct.

34. The constitutional violations suffered by Plaintiffs were caused by the City of New York's policies, customs, and practices, including but not limited to: a. Failure to train officers in probable cause determinations; b. Failure to train officers in handling individuals with disabilities; c. Tolerance of unlawful arrests and excessive force; d. Failure to discipline officers for constitutional violations.

35. These policies and failures were the moving force behind Plaintiffs' injuries.

## AS AND FOR A FIRST CAUSE OF ACTION
### False Arrest and False Imprisonment

36. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37. Defendants Police Officer Annie Cosgrave, Police Officer Dennis Cobic, Sergeant Namjou Kim, Sergeant Onicker S. Brown, and John/Jane Does 1–10 intentionally and knowingly confined Plaintiffs without Plaintiffs' consent.

38. Plaintiffs were conscious of the confinement and did not consent thereto.

39. Said Defendants lacked probable cause, reasonable suspicion, or any other legal justification to stop, detain, handcuff, arrest, and imprison Plaintiffs.

40. Plaintiffs were restrained, handcuffed, transported to an NYPD precinct, and confined for several hours.

41. As a direct and proximate result of said Defendants' unlawful conduct, Plaintiffs suffered loss of liberty, humiliation, emotional distress, physical pain, and other damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### Malicious Prosecution

42.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43.     Defendants Police Officer Annie Cosgrave, Police Officer Dennis Cobic, Sergeant Namjou Kim, Sergeant Onicker S. Brown, and John/Jane Does 1–10 initiated and continued criminal proceedings against Plaintiffs by making false accusations, preparing reports, and causing Plaintiffs to be arrested and detained.

44.     The criminal proceedings were commenced and continued without probable cause.

45.     Defendants acted with actual malice, including reckless disregard for the truth and an improper purpose unrelated to legitimate law enforcement objectives.

46.     The criminal proceedings terminated in Plaintiffs' favor.

47.     As a direct and proximate result of Defendants' malicious conduct, Plaintiffs suffered deprivation of liberty, emotional distress, reputational harm, and other damages

## AS AND FOR A THIRD CAUSE OF ACTION
### Violation of the Fourth Amendment – Unlawful Seizure and Excessive Force
### (42 U.S.C. §1983)

48.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49.     At all relevant times, Defendants Police Officer Annie Cosgrave, Police Officer Dennis Cobic, Sergeant Namjou Kim, Sergeant Onicker S. Brown, and John/Jane Does 1–10 were acting under color of state law.

50.     Said Defendants seized Plaintiffs within the meaning of the Fourth Amendment without probable cause or lawful justification.

6

51.    In effectuating the seizure and arrest, said Defendants used objectively unreasonable and excessive force, including but not limited to tightly handcuffing Plaintiffs, forcibly restraining them, and detaining them in a manner disproportionate to any legitimate law enforcement purpose.

52.    Defendants' use of force was unreasonable under the circumstances, was not justified by officer safety concerns, and violated clearly established constitutional law.

53.    As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs suffered physical injury, pain, emotional distress, humiliation, and other compensable damages.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Violation of the Fourteenth Amendments – Deprivation of Liberty**
**Without Due Process**
**(42 U.S.C. §1983)**

54.    At all relevant times, Defendants Police Officer Annie Cosgrave, Police Officer Dennis Cobic, Sergeant Namjou Kim, Sergeant Onicker S. Brown, and John/Jane Does 1–10 were acting under color of state law.

55.    Said Defendants seized Plaintiffs within the meaning of the Fourth Amendment without probable cause or lawful justification.

56.    In effectuating Plaintiffs' seizure and arrest, said Defendants used objectively unreasonable and excessive force, including but not limited to tightly handcuffing Plaintiffs, forcibly restraining them, and detaining them in a manner disproportionate to any legitimate law enforcement purpose.

57.    Defendants' use of force was unreasonable under the circumstances, was not justified by officer safety concerns, and violated clearly established constitutional law.

58.    As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiffs suffered physical injury, emotional distress, humiliation, and other compensable damages.

7

**AS AND FOR A FIFTH CAUSE OF ACTION**
**Disability Discrimination and Failure to Accommodate**
**Americans with Disabilities Act, 42 U.S.C. § 12132, and**
**Rehabilitation Act, 29 U.S.C. § 794**

59.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

60.    Plaintiff Jatinder Kaur is a qualified individual with disabilities within the meaning of the ADA and Rehabilitation Act.

61.    Defendant City of New York, through the NYPD and its employees, knew or reasonably should have known of her disabilities.

62.    Defendant City of New York failed to provide reasonable accommodations during Plaintiff's arrest and detention, including appropriate communication assistance and consideration of her medical needs.

63.    Defendant City of New York denied Plaintiff Jatinder Kaur the benefits of public services by reason of her disabilities.

64.    As a direct and proximate result, Plaintiff suffered physical injury, emotional distress, humiliation, and other damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Municipal Liability (42 U.S.C. § 1983)**

66.    Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67.    The constitutional violations suffered by Plaintiffs were caused by Defendant City of New York's policies, customs, and practices, including but not limited to: (a) Failure to adequately train NYPD officers in probable cause determinations; (b) Failure to train officers in the constitutional limits on the use of force;(c) Failure to train officers to identify and reasonably

8

accommodate individuals with disabilities; (d) Tolerance of unlawful arrests, excessive force, and unconstitutional detention practices.

68.    Defendant City of New York acted with deliberate indifference to the constitutional rights of individuals with whom NYPD officers regularly interact.

69.    These policies, customs, and practices were the moving force behind the violations of Plaintiffs' constitutional rights.

70.    As a direct and proximate result, Plaintiffs suffered damages as alleged herein

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

(a) Compensatory damages in an amount to be determined at trial, but not less than $1,000,000; (b) Punitive damages against the individual Defendants; (c) Costs, disbursements, and attorneys' fees; (d) Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Dated: New York, New York
      January 20, 2026

**AIDALA, BERTUNA & KAMINS P.C.**

*Imran H. Ansari*

Imran H. Ansari, Esq.
546 5th Avenue, 6th Floor
New York, New York
(212) 486-0011
iansari@aidalalaw.com

*Attorneys for Plaintiffs Jaspreet Singh
and Jatinder Kaur*

9